**Don V. LEE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 13832.

District of Columbia Court of Appeals.

Submitted May 8, 1979.

Decided June 7, 1979.

John L. King, Washington, D.C., appointed by the court, for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry, Michael W. Farrell, Ann P. Gailis and David S. Krakoff, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant stands convicted of carrying a pistol without a license, a felony under D.C. Code 1973, § 22–3204. He contends the seizure of the weapon from him violated his Fourth Amendment rights. We hold that the frisk which revealed the presence of the weapon was reasonable. He also contends that the indictment was defective in that it failed specifically to charge that the weapon was operable. We hold that operability is not required to be specified because to be a "pistol", within the meaning of § 22–3204, a firearm must be operable. Otherwise it fails that definition.

The arresting officer received a radio run reporting a possible robbery in progress at a restaurant. A waitress, fearing appellant and another were waiting in the restaurant for a propitious moment to rob the cashier, had called the "911" number to report the incident. She gave a description of the men and their location (seated very close to the cash register). When the officer arrived at the scene, he found two men as he had expected. Through gestures, the officer was told they were the suspects. The officer approached with drawn gun. He told them to place their hands on the counter. As they hesitated and then obeyed, the officer saw a large bulge under appellant's left arm. He feared it was a gun, so he touched the bulge and then firmly suspecting it to be a gun, reached inside the coat and removed it. The police action was reasonable given the facts and circumstances. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Carey v. United States*, D.C.App., 377 A.2d 40, 44–47 (1977); *Bates v. United States*, D.C.App., 327 A.2d 542 (1974).

As to the asserted deficiency of the indictment it is clear that a pistol under

§ 22–3204 is a firearm.[1] *See* D.C.Code 1973, § 22–3201;[2] *see also* 18 U.S.C. § 921(a)(3)(A) (1976). A firearm is by common usage a device capable of propelling a projectile by explosive force. Therefore, operability is necessarily an element of the definition of a "pistol" under § 22–3204. *See Tendler v. District of Columbia*, D.C. Mun.App., 50 A.2d 263 (1946); *see also Anderson v. United States*, D.C.App., 326 A.2d 807 (1974).

Accordingly, the judgment of conviction is

*Affirmed.*

1. D.C.Code 1973, § 22–3204 states: "No person shall within the District of Columbia carry . . a pistol, without a license therefor . . . ."

2. D.C.Code 1973, § 22–3201 defines a " '[p]istol,' as used in [chapter 32, as] any firearm with a barrel less than twelve inches in length."