Patrick CURTICE, Appellant,

v.

UNITED STATES, Appellee.

No. 84–378.

District of Columbia Court of Appeals.

Argued Jan. 28, 1985.

Decided Feb. 25, 1985.

Robert W. Mance, Washington, D.C., for appellant.

Tamra Phipps, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, TERRY, and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

Curtice contends the evidence is insufficient to sustain his convictions for carrying a pistol without a license and possessing an unregistered pistol. We agree in part and reverse the conviction of carrying a pistol without a license.*

Curtice does not contest the proof of intentional possession and absence of license. He contends the government failed to prove beyond a reasonable doubt that the pistol was operable. *See Anderson v. United States,* 326 A.2d 807, 811 (D.C. 1974), *cert. denied,* 420 U.S. 978, 95 S.Ct. 1403, 43 L.Ed.2d 659 (1975).

In its brief the government states the evidence in the light most favorable to it (as it should) as follows:

> [O]n March 2, 1983, Officer Murphy took the gun to police department firearms examiner Gary R. Phillips. Phillips attempted to fire the gun, but it did not fire. After the gun had failed to fire, Murphy worked the action a couple of times, something a non-expert would be able to do. No adjustments to the gun of any sort were made on that day.
>
> On March 3, 1983, Officer Murphy brought the gun back to firearms examiner Phillips with written instructions from the United States Attorney's Office. Following those instructions, Mr. Phillips first test-fired the gun using a single bullet; it did not fire. He then test-fired the gun again with the same bullet, and again it did not fire. Still following the written instructions, Mr. Phillips next put a drop of oil in the track with the spring. Finally he removed the spring, stretched it slightly and put it back into the gun. In order for Phillips to stretch the spring it was necessary for him to partially disassemble the gun: he

---

* Curtice does not challenge his conviction for unlawful possession of ammunition. D.C.Code § 6–2311 (1981), requiring registration of certain firearms, does not limit the registration requirement to firearms which are operable.

pressed a release catch, causing a piece at the rear of the pistol to pop out; he then raised that piece and removed the spring. This disassembly was the same procedure that would be used to clean the gun; indeed, further disassembly would be necessary for complete cleaning. This minor adjustment took less than one minute and required no expertise. After this, the gun successfully test-fired.

Appellee's Brief at 2–3.

The government relies on *Rouse v. United States*, 391 A.2d 790 (D.C.1978). In *Rouse*, police saw the defendant in possession of what appeared to be a revolver. They also saw him bent over in a particular manner. When they arrested him, they found that the item was the frame of a revolver minus the cylinder. When asked about the cylinder, Rouse denied any knowledge of its whereabouts. A search in the vicinity in which he had been observed bent over resulted in the seizure of a cylinder which fit the frame, as well as ammunition, all under circumstances indicating they had been placed there by Rouse. We emphasized that the parts could quickly and easily have been reassembled into an operable pistol. This case is readily distinguishable from *Rouse*. In the case before us, it was necessary to disassemble the weapon into four parts and work with the spring to render the pistol operable. While anyone may have been able to do this task mechanically, it required expert knowledge to diagnose what was the defect which prevented firing and what was necessary to correct same. (Indeed the original test fire certificate prepared by appellee's expert witness indicated that inoperability was due to a malfunctioning firing pin.) There was no evidence that Curtice had such knowledge.

The convictions of unlawful possession of ammunition and unregistered firearm are affirmed. The conviction of carrying a pistol without a license is reversed.