498 A.2d 247 (1985)
Theodore WASHINGTON, Jr., Appellant,
v.
UNITED STATES, Appellee.
No. 84-1196.
District of Columbia Court of Appeals.
Argued August 7, 1985.
Decided September 23, 1985.
Richard K. Gilbert, Washington, D.C., for appellant.
Lynn Lincoln Sarko, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.
Before NEWMAN and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.
*248 NEWMAN, Associate Judge:
Washington challenges his convictions for simple assault and possession of a prohibited weapon (sawed-off shotgun). He contends, inter alia, that the trial court erred in refusing to instruct the jury that to convict him of possession of the sawed-off shotgun, the evidence must establish that the shotgun was "operable." We agree and reverse.[1]
Washington and Bush became involved in an altercation during which Washington pointed a shotgun at Bush. It was not disputed that the barrel of the shotgun was less than 20 inches in length.[2] After a break in the affray, Washington opened the shotgun, loaded it with shotgun shells, and again aimed it at Bush. Washington was subsequently arrested but no shotgun was recovered. At trial, he denied possessing one.
As previously stated, see note 2, supra, while § 22-3214(a) prohibits the possession of shotguns with a barrel less than 20 inches long, the statute does not define "shotgun." Thus, we must turn to principles of statutory construction to discern a definition.
In determining the meaning of the term "shotgun" in § 22-3214(a), we "must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning." Peoples Drug Stores v. District of Columbia, 470 A.2d 751, 753 (D.C.1983) (quoting Davis v. United States, 397 A.2d 951, 956 (D.C. 1979)). Stated another way, "[t]he primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language he has used." Varela v. Hi-Lo Powered Stirrups, Inc., 424 A.2d 61, 64 (D.C.1980) (en banc) (quoting United States v. Goldenberg, 168 U.S. 95, 102-03, 18 S.Ct. 3, 4, 42 L.Ed. 394 (1897)). See also Carchman v. Nash, ___ U.S. ___, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Further, "words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them." Davis v. United States, supra, 397 A.2d at 956. Accord Peoples Drug Stores v. District of Columbia, supra; Varela v. Hi-Lo Powered Stirrups, Inc., supra.
It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.
Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise and the rules which are to aid doubtful meaning need no discussion.
Statutory words are uniformly presumed, unless the contrary appears, to *249 be used in their ordinary and usual sense, and with the meaning commonly attributed to them.
Caminetti v. United States, 242 U.S. 470, 485-86, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) (citations omitted).
These principles have particular relevance when considering statutes making conduct criminal. For as the Supreme Court has said:
The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.
United States v. Harris, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954) (footnote omitted).
The lexicographers are in general agreement on the definition of "shotgun." Webster's New Twentieth Century Dictionary of the English Language, Unabridged, Second Edition (1969), defines a shotgun as "a gun having a smooth bore and used for firing a charge of small shot at short range, as distinguished from a rifled gun firing a single ball." Id. at 1679. That dictionary defines a gun as "a weapon consisting of a tube of metal, fixed in a stock or mounted on a carriage, from which projectiles are fired by the force of an explosive, usually gunpowder. . . ." Id. at 810. Webster's Third New International Dictionary, Unabridged (1966), defines a shotgun as "an often double-barreled smooth bore shoulder weapon for firing shot at short ranges." Id. at 2104. The American Heritage Dictionary of the English Language, New College Edition (1976), defines a shotgun as "a shoulder held firearm that fires multiple pellets through a smooth bore." Id. at 1199. The American College Dictionary, Random House (1970), defines a shotgun as "a smooth-bore gun for firing small shot to kill birds and small quadrupeds, though often used with buckshot to kill larger animals." Id. at 1120.
We note that D.C. Code § 6-2302(16) (1981) defines a shotgun as "a smooth bore firearm using a fixed shotgun shell with either a number of ball shot or a single projectile . . . intended to be fired from the shoulder." Section 6-2302(15) defines sawed-off shotgun as "a shotgun having a barrel of less than 20 inches in length. . . ." Section 6-2302(9) defines "firearm" as "any weapon which will . . . expel a projectile or projectiles by the action of an explosive. . . ."[3]Compare Lee v. United States, 402 A.2d 840 (D.C.1979) (although D.C. Code § 22-3204 (1981), which prohibits carrying a pistol without a license, does not expressly advert to "operability," proof of "operability" is required since a "pistol" is defined in D.C. Code § 22-3201 (1981) as a "firearm").
As is the case with pistols, a shotgun possessed or used illegally may not always be recovered by law enforcement authorities. We recognize that in such cases, proof of operability becomes more difficult. However, proof can be by circumstantial evidence as to shotguns as we have held as to pistols in Morrison v. United States, 417 A.2d 409 (D.C.1980).
In sum, we hold that to prove that an item is a shotgun within the meaning of § 22-3214(a), the government must prove it operable. See Curtice v. United States, 488 A.2d 917 (D.C.1985); cf. Rouse v. United States, 391 A.2d 790 (D.C.1978).
The conviction for assault is affirmed. The conviction for possession of a sawed-off shotgun is reversed.
*250 TERRY, Associate Judge, concurring:
I join without reservation in Judge Newman's opinion for the court. I write separately only to suggest that the problem presented by this case can be readily solved by legislation. It would be a simple matter to amend D.C. Code § 22-3214(a) so as to deal with the question of operability; alternatively, the definitions of "sawed-off shotgun" and "machine gun" which already appear in D.C. Code § 22-3201 could be amended so as to include inoperable as well as operable weapons. I have no particular language in mind, but I am sure that those whose task it is to draft legislation can come up with something appropriate.
NOTES
[1] Washington also contends the trial court erred in not granting a mistrial after the prosecutor asked an improper question on a matter which was the subject of a suppression motion. Before the question was answered, the court sustained Washington's objection to it; the court also instructed the jury that the question had been stricken from the record. In both opening and closing instructions the court instructed the jury to disregard questions to which objections were sustained and not to speculate on what the answer would have been. We find no abuse of discretion, see generally Johnson v. United States, 398 A.2d 354 (D.C.1979), in the denial of the motion for mistrial. See Beale v. United States, 465 A.2d 796, 799 (D.C.1983). Cf. Hawthorne v. United States, 476 A.2d 164, 170 (D.C. 1984). See also United States v. Givens, 712 F.2d 1298, 1301 (8th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1005, 79 L.Ed.2d 237 (1984); United States v. Ziperstein, 601 F.2d 281, 292 (7th Cir.1979), cert. denied, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980).

We reject Washington's contention that the trial court inadequately instructed the jury about the limited purpose of certain evidence. See Toliver v. United States, 468 A.2d 958 (D.C. 1983). We likewise reject his contention that the evidence was insufficient to permit a jury to find that the sawed-off shotgun was "operable" and that retrial is barred by the constitutional prohibition against double jeopardy.
[2] D.C. Code § 22-3201(b) (1981) defines a sawed-off shotgun as being "any shotgun with a barrel less than 20 inches in length." D.C. Code § 22-3215a (1981) interdicts possession of sawed-off shotguns (with exceptions not relevant here). Chapter 32, Title 22 of the D.C. Code does not define "shotgun."
[3] While we are aware that the provisions of these sections of Title 6 were enacted by the Council of the District of Columbia rather than by Congress which enacted the provisions of § 22-3214(a), we think that the definitions contained in Title 6 are significant, given the layover provisions contained in the Home Rule Act at the relevant time. See D.C. Code § 1-233(c)(1), (2) (1981).