## SAM SHADLE v. THE STATE.

1. A judgment of conviction must be reversed when the venue of the offense was not proved at the trial in the court below.

2. In a trial for an aggravated assault, the defendant asked the court to charge the jury that they might, if the evidence warranted such a verdict, acquit the defendant of an aggravated assault, and convict him of an assault and battery or a simple assault. *Held*, that the charge was proper, and its refusal error.

3. When a gun or a pistol is used simply as a weapon to strike with, it is not necessarily a deadly weapon, but would or would not be a deadly weapon according to its size and the manner in which it was used; which facts should be submitted to the jury for their determination.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

The evidence showed a quarrel between the appellant and one Stratton, and that appellant struck at Stratton with a double-barreled shot gun; but the conflict was stopped before any shots passed.

*W. M. Walton*, for the appellant.

*Wm. Alexander*, Attorney General, for the State.

OGDEN, J.—This case must be reversed, for the reason that the venue of the offense was not proven on the trial. There was error in the court in refusing to give the charge asked by the defendant, that the jury might, if the evidence would warrant such a verdict, acquit the defendant of an aggravated assault, and find him guilty of an assault and battery, or a simple assault.

When a gun or pistol is used simply as an instrument to strike with, it is not necessarily a deadly weapon, but would be such or

---

---

not according to its size and the manner of using it; and these facts should be determined by a jury.

The judgment is reversed and the case is remanded.

Reversed and remanded.