**TENDLER v. DISTRICT OF COLUMBIA.**

No. 452.

Municipal Court of Appeals for the
District of Columbia.

Dec. 16, 1946.

John H. Burnett, of Washington, D. C., for appellant.

Chester H. Gray, Principal Asst. Corp. Counsel, and Edward A. Beard, Asst. Corp. Counsel, both of Washington, D. C. (Vernon E. West, Corp. Counsel, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant, a licensed firearms dealer, was convicted in the trial court of selling to a minor under 18 years of age a "Benjamin Franklin" air pistol and sentenced to pay a fine of $25 or to serve ten days in jail. We granted the application for allowance of appeal[1] to determine whether such sale constituted a violation of Article IX, Sec. 3 of the District of Columbia Police Regulations under which the prosecution was brought. The regulation in question provides: "It shall not be lawful for any person or persons to sell to any child or children under the age of 18 years firearms, ammunition, gunpowder, gun caps, or other explosives, or projectiles, darts, or other dangerous missiles in any quantity or quantities."

Appellant was only charged in the information with selling the air pistol; he was not charged with selling any ammunition or shot or "missile" for use in the pistol. The pistol itself was demonstrated to us during argument. It is operated by compressed air. By means of a lever air is pumped into a chamber and then released by pulling the trigger. The release of the compressed air forces out a pellet. The pistol is a dangerous-appearing weapon and obviously is capable of propelling the pellet with very considerable force.

The regulation, however, does not prohibit the sale of dangerous weapons; it prohibits only the sale of "firearms, ammunition * * * or other explosives" or "projectiles * * * or other dangerous missiles."

It seems to us obvious that an air pistol is not a "firearm." "That a 'firearm' necessarily connotes the action of a chemical explosive such as gunpowder, which action is in the nature of combustion of some sort in a weapon, is doubtless the commonly accepted usage." People v. Schmidt, 221 App.Div. 77, 222 N.Y.S. 647,

---

[1] Code 1940, 11—772 (a).

649. An air pistol is not a "missile"; neither is it a "projectile", which is defined by Webster's New International Dictionary as "a body projected by exterior force, and continuing in motion by its own inertia; specifically, a missile for a firearm or cannon."

The government, however, points out that another section of the same police regulation prohibits the "discharging or setting off in the District of any gun, air gun, rifle, air rifle, pistol, revolver, or other firearm" without a special permit and that still another section prohibits a person under 18 years from carrying or having in his possession on any street or public place "any gun, pistol, rifle, air gun", etc. It is argued, therefore, that the intent of the entire regulation is to include this type of weapon in the prohibited class. The short answer to this argument is that while the District of Columbia authorities may have intended to prohibit the sale to persons under 18 years of age of this kind of weapon, they did not accomplish this purpose by the words used. Neither the trial court nor we are entitled to construe a regulation beyond its plain meaning.

Reversed.