204 So.2d 646 (1967)
Mrs. Glory SCHELLINGER, legally separated wife of Louis J. SCHMIT for and on behalf of the minor, Louis J. Schmit
v.
Joseph M. GUIDRY.
No. 2760.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
*647 Nestor F. Mills, for third-party petitioner-appellant.
Loeb, Dillon & Livaudais, Marcel Livaudais, Jr., New Orleans, for third-party defendants-appellees.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is a suit by the mother of a minor son, individually and on behalf of the child, for damages resulting from a gunshot wound suffered by him. Petitioner alleges she was granted custody of the child in a judgment of separation from bed and board obtained against the boy's father. Judgment is sought against the sole defendant, Joseph M. Guidry, under an allegation that while they were hunting on January 15, 1963 Michael Guidry, the then 14 year old son of the defendant, carelessly and negligently caused a .410 gauge shotgun to discharge, the shot hitting young Schmit, also then 14 years of age, in the face and jaw.
Defendant Guidry answered the petition denying liability. He also asserted a third-party demand against Louis John Schmit, father of the injured boy, and Lloyd Schwall and William J. Barone, seeking judgment over against them should judgment be rendered against him. The latter two third-party defendants, Schwall and Barone, filed exceptions of no right or cause of action to the third-party petition. After a hearing there was judgment maintaining the exceptions and dismissing the third-party demand as to Schwall and Barone. Guidry has appealed.
In this court no contentions are made relative to the exceptions of no right of action; and, for the purpose of deciding the exceptions of no cause of action, we accept as true the well pleaded facts contained in the third-party petition. Insofar as the exceptions are concerned those facts are: The two third-party defendants, Schwall and Barone, are partners and owners of a hardware business and on or about January 15, 1963 (the date on which the injury was incurred) the two minor boys, Schmit and Guidry, entered said business premises and purchased shotgun shells. There is no allegation that the two minors were anything other than normal 14 year old boys.
The sole issue before us is whether the sale of .410 shotgun shells to the two 14 year old boys constitutes a cause of action against the seller for damages occasioned by injury resulting from the firing of one of those shells by one of the boys. Appellant contends the sale of the shells by the third-party defendants to the minors: (1) constituted negligence per se in that it violated the statutory law, particularly LSA-R.S. 14:91; and (2) even if not in violation of the statutory law, it constituted negligence as being against public policy because it placed dangerous instrumentalities in the hands of minors.
The pertinent part of the criminal statute relied on by appellant reads as follows:
"Unlawful sales to minors is the selling, or otherwise delivering for value by anyone over the age of seventeen of * * any firearm or other instrumentality customarily used as a dangerous weapon, to *648 any person under the age of twenty-one. Lack of knowledge of the minor's age shall not be a defense." LSA-R.S. 14:91.
Thus the statute prohibits the selling of two things to minors: (1) any firearm; and (2) any other instrumentality customarily used as a dangerous weapon. Shotgun shells are neither. A firearm is something from which a shot is propelled. The word is usually applied only to small arms and, by definition, is any weapon from which a shot is discharged by an explosive as gunpowder (Webster's New International Dictionary, Second Edition, Unabridged, page 951). A weapon is defined as "An instrument of offensive or defensive or defensive combat; something to fight with; anything used, or designed to be used, in destroying, defeating, or injuring, an enemy, as a gun, a sword, a shield, etc." (Webster's New International Dictionary, Second Edition, Unabridged, page 2892).
A shotgun shell is not a weapon from which a shot is discharged; it is only the ammunition, the shot, for the weapon, which in this case is the shotgun itself. The shell, dangerous or otherwise, quite obviously is not customarily used as a dangerous weapon. The third-party defendants cannot be charged with negligence resulting from a violation of the quoted statute for the reason that they did not violate the statute. As appellant has failed to point out any other statutory law of this state, and we know of none, which the third-party defendants violated by the sale of the shotgun shells to the minors, his first contention is without merit.
Appellant's second contention, that the sale of the shotgun shells by the third-party defendants to the two boys constituted negligence, despite the fact that it violated no law, because it placed dangerous instrumentalities in the hands of minors and was therefore against public policy, also is without merit. Appellant does not cite any jurisprudence of this state to that effect; he relies on the general common law rule that a person who sells dangerous explosives or instrumentalities to a child too young to know the character of the thing sold to him, or so young that the seller knows or should know the child is incapable of taking proper care of the thing sold, is responsible for injuries resulting from the careless or negligent use of such dangerous explosives or instrumentalities. See 35 C.J.S. Explosives § 6 e, p. 271.
The cited rule has no application in the instant case. Certainly a normal 14 year old boy is not too young to know the character of shotgun shells. Nor is he so young that the seller knows or should know such a boy is incapable of taking proper care of the shells; the opposite could be true.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.