Carl Thomas **CORTE**

v.

The **STATE** of Texas.

No. 01–81–0236–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Rehearing Denied March 18, 1982.

Discretionary Review Refused
June 2, 1982.

Frank Follis, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

DUGGAN, Justice.

This is an appeal from a conviction for aggravated robbery; punishment, enhanced by proof of prior convictions, was assessed by the jury at life in the Texas Department of Corrections.

On August 27, 1980, at approximately 4:30 P.M., appellant and a confederate entered South Houston Pharmacy in South Houston, Texas, at a time when the complainant, who was the store's pharmacist, and one other store employee were the only persons present. Appellant walked to the counter, pointed a gun wrapped in a paper sack at complainant, and threatened to "blow your f_____g head off" if the complainant did not give him all of his drugs. The confederate, in the meantime, held the store employee on the floor at knife-point. When a customer entered the store and diverted the appellant's attention, the complainant grabbed the gun, threw it out of reach and wrestled with both appellant and the confederate, who had released the store employee in order to help appellant. The confederate ran out of the store and drove away, but the complainant continued to

fight with appellant until police, summoned by the store employee, arrived at the scene. Police recovered the gun, which was found to be an unloaded CO2 pellet gun. Appellant appeals on two grounds of error.

By his first ground of error, appellant alleges that the evidence is insufficient to establish the gun as a "deadly weapon." Texas Penal Code Sec. 1.07(a)(11), V.T.C.A., defines a deadly weapon as:

(A) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

(B) any thing that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Thus an item could be considered as a deadly weapon under one of three grounds: (1) a firearm; (2) something manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or (3) something that by its use or intended use is capable of causing death or serious bodily injury. As for the latter two grounds, a showing of a capability to inflict or purpose of inflicting death or serious bodily injury is necessary.

■ The CO2 pellet gun in question was specifically stated in the State's evidence not to be a firearm, and it is not argued on this appeal to be a firearm. Thus, to be a deadly weapon, the gun must either be "manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury," or be "in the manner of its use or intended use capable of causing death or serious bodily injury."

In urging that the subject gun is not a deadly weapon, appellant relies on the case of *Mosley v. State*, 545 S.W.2d 144 (Tex.Cr. App.1976). In *Mosley*, the defendant had pointed a B–B gun at a woman; however, the court noted it had not been loaded, and had not been pointed at the woman's face or used as a bludgeon. The State's expert witness had also testified that the B–B gun's projectile could not penetrate skin, but probably could cause loss of sight if a

person were shot in the eye. The court concluded, in light of the evidence, that the gun was not a deadly weapon in that it was not designed, made or adapted for the purpose of inflicting serious bodily injury.

Although here, as in *Mosley,* the CO2 pellet gun was found unloaded and was not used as a bludgeon, so that it cannot be said that it was capable of causing serious bodily injury in the manner of its use or intended use, other pertinent evidence significantly differs from that adduced in *Mosley.* The witness John Ray Harrison, senior criminal investigator for the Harris County District Attorney's Office, testified that in his opinion, based upon his knowledge and familiarity with that type of weapon, the gun, when loaded, was capable of inflicting serious bodily injury. The present case more closely parallels *Campbell v. State,* 577 S.W.2d 493 (Tex.Cr.App.1979), where the gun involved was capable of inflicting serious bodily injury and was designed for that purpose. See also *Walker v. State,* 543 S.W.2d 634 (Tex.Cr.App.1976), where a pistol, even though missing a firing pin and found without a clip following a robbery, was held to be manifestly designed and made for the purpose of inflicting serious bodily injury. We hold the CO2 pellet gun here in question to be a deadly weapon; accordingly, the appellant's first ground of error is overruled.

In his second ground of error, appellant alleges that the trial court erred in not granting his motion to quash the indictment due to violation of the time requirements of the Speedy Trial Act, Art. 32A.02 Sec. 2, V.A.C.C.P.

The Speedy Trial Act, in pertinent part, states that:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within ... 120 days of the commencement of a criminal action if the defendant is accused of a felony;

Section 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, informa-

tion, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

\*    \*    \*    \*    \*    \*

Section 3. The failure of a defendant to move for a discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.

Section 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges...

(3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, except that a defendant without counsel is deemed not to have consented to a continuance unless the court advised him of his right to speedy trial and of the effect of his consent....

(10) any other reasonable period of delay that is justified by exceptional circumstances.

Appellant urges that inasmuch as the action commenced on August 27, 1980, the date of his arrest, and trial was not held until January 20, 1981, a period in excess of 120 days elapsed, in violation of the Act. While appellant's pro se handwritten motion to dismiss appears in the record, no file mark appears on it to fix its filing date, and nothing indicates that it was ever brought to the court's attention to be acted upon. Without evidence as to date of filing, it cannot be ascertained whether or not the motion was timely filed prior to trial as required by the Act. During the hearing of

the pre-trial motions on trial date, counsel for the appellant orally moved to set aside the indictment for lack of speedy trial. An oral request does not comply with the requirement of Section 3 of the Act. As stated in *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979):

> Once the defendant *files* his motion to dismiss the indictment for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act (emphasis added).

586 S.W.2d at 542. Thus it is the appellant who must make the first move, rather than the State. If he does not do so, he waives his rights under the Act, and the State is not required to show readiness. The State announced ready on January 20, 1981, and the record is void of any evidence that it failed to announce ready at any earlier date. Appellant's second ground of error is overruled.

Although the State places great weight on the fact that the January 19, 1981 trial setting was set by mutual agreement of the parties on November 26, 1980, the record does not so indicate. The Notice of Setting referred to by the State is dated January 6, 1981, not November 26, 1980, and is not captioned or otherwise reflected in any way as an *agreed* setting. It is not signed by all the parties, nor are all signatures identified.

The State's argument that the time requirements were met is without merit. However, inasmuch as the evidence does not establish the State's failure to announce ready prior to trial in the manner required by the Act, appellant has waived the Acts' provisions.

The judgment is reformed under Art. 44.-24(b), V.A.C.C.P., to reflect that the *first* count of the indictment has been dismissed, and not the second. The jury was charged as to the second paragraph, and evidence in the record reflects the first count as having been waived. *Spurgers v. State*, 576 S.W.2d 830 (Tex.Cr.App.1980).

The judgment is ordered reformed to show the first, and not the second, count of the indictment as having been dismissed. As reformed, the judgment is affirmed.