Opinion issued July 8, 2006



 
 

 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00343-CR




ANTONIO GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1001817
 



MEMORANDUM OPINION
          A jury found appellant, Antonio Garcia, guilty of aggravated robbery and
assessed his punishment at 20 years’ imprisonment. In his first two points of error,
appellant contends that the trial court committed reversible error by failing to
suppress the out-of-court identification of appellant by complainant, Maria
Velasquez, and her daughter, Arely Velasquez.


 In his third and fourth points of
error, appellant complains that the evidence was legally and factually insufficient to
support his conviction because the incriminating testimony of Maria and Arely was
not credible. In his fifth and sixth points of error, appellant complains that the
evidence was legally and factually insufficient to support his conviction because the
State failed to prove that the weapon used during the commission of the robbery was
a firearm. We affirm.
Background
          At approximately 11:30 p.m. on August 31, 2005, Jose Velasquez was
returning home with his family from his amateur wrestling match. They stopped at
a Chevron gas station around midnight to refuel their Suburban and to purchase some
rubbing alcohol for Jose’s wrestling injuries. Jose went inside the store to pay for the
gasoline, went outside to pump the gas, and then returned to the store to purchase the
rubbing alcohol. He left the keys in the ignition. His wife, Maria, was sitting in the
front passenger seat, and his four minor children were seated in the back rows of the
Suburban.
          While Jose was inside, appellant jumped in the driver’s seat and ordered
everyone to get out. Arely, Jose’s 11-year-old daughter, testified that appellant said,
“I’m going to kill you if you don’t [get out] and I’m going to kill [the] baby.” 
Appellant produced a handgun and pointed it at the Velasquez’s infant son’s head. 
The family got out of the vehicle, and appellant drove away. 
          Appellant was arrested in Irving, Texas driving a different vehicle after fleeing
an accident scene. The arresting officer found a semi-automatic pistol on the driver’s
side floorboard of that vehicle. Soon after, the Velasquez’s Surburban was found
abandoned in Irving. 
          Houston police detective Art Mejia included a photograph of appellant, who
is Hispani, in a photo array containing the photographs of five other Hispanic males
and showed it to Maria. She positively identified appellant as the robber. Five days
later, Mejia returned with the same photo array, and Arely positively identified
appellant as the robber. 
 The Out-of-Court Lineup
In points of error one and two, appellant complains that the trial court erred in
denying his motion to suppress Maria’s and Arely’s out-of-court identifications
because the procedure used to identify appellant was “unduly suggestive, and
consequently unconstitutional.” We disagree. Standard of Review
The admissibility of an out-of-court identification is a mixed question of law
and fact which does not turn on a credibility evaluation, so we review de novo. See
Colgin v. State, 132 S.W.3d 526, 531 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d); Burkett v. State, 127 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); cf. Loserth v. State, 963 S.W.2d 770, 772-73 (Tex. Crim. App. 1998) (stating
a de novo review is applied to mixed questions of law and fact that do not turn on an
evaluation of credibility and demeanor).
          In deciding whether a pre-trial identification was too suggestive to afford the
accused a fair trial, we conduct a two-step inquiry: (1) we must decide whether the
out-of-court identification was impermissibly suggestive and, if so, (2) we must then
decide whether the suggestive procedure gave rise to a substantial likelihood of
irreparable misidentification. Simmons v. U. S., 390 U.S. 377, 384, 88 S. Ct 967, 971
(1968); Barley v. State, 906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995). Appellant
must prove both elements by clear and convincing evidence. Colgin, 132 S.W.3d at
532 (citing Loserth, 963 S.W.2d at 543-44). The analysis of these elements requires
an examination of the totality of the circumstances surrounding the particular case
and a determination of the reliability of the identification. Barley, 906 S.W.2d at 33. Impermissibly Suggestive Procedure
          Appellant asserts that the photographic array was impermissibly suggestive,
and thus unconstitutional, because his photograph was “distinctly different” from the
other five photos. He notes that the overall lighting was different and the physical
characteristics of the other men, including their hair and skin color, was different.
          Suggestiveness may be created by the manner in which a pretrial identification
procedure is conducted. Id. For example, a police officer may point out the suspect
or suggest that a suspect is included in a photographic array. Id. Also, the content
of a photographic array itself may be impermissibly suggestive if the suspect is the
only individual who closely resembles the description given by the witness. Id. 
Furthermore, an individual procedure may be suggestive, or the cumulative effect of
procedures may be suggestive. Id.
          Here, all of the men pictured in the photographic array are Hispanic, are
approximately the same age, and have short head and facial hair. Contrary to the
appellant’s assertion, we find no discernable difference in “overall lighting.” See
Page v. State, 125 S.W.3d 640, 647 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d)
(stating that slight differences in the background color and brightness of photographs
are insignificant). A photographic array must contain photographs of individuals who
fit a rough description of the suspect to provide a reasonable test for the witness’s
capacity to reliably identify the perpetrator. Escovedo v. State, 902 S.W.2d 109, 117
(Tex. App.—Houston [1st Dist.] 1995, pet. ref’d). But, it is not essential that all the
men be identical in appearance. Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim.
App. 1985). Neither due process of law nor common sense requires such exactitude. 
Escovedo, 902 S.W.2d at 117. Accordingly, we hold that the content of the
photographic array was not impermissibly suggestive.
          Nor do we determine that the manner in which the pretrial identification
procedure was conducted was impermissibly suggestive. Here, Maria testified that
Officer Mejia subsequently confirmed that she had identified the suspect in the sixth
position of the array. Then, Officer Mejia showed the exact same photo array to
Arely five days later. However, neither of these facts is dispositive in this case. See
Burkett, 127 S.W.3d at 87-88 (stating that informing a witness that the suspect was
pictured in the array and stating that the witness had a “good memory” after she
picked the suspect’s photo was not, in itself, impermissibly suggestive). Similar to
the witness in Burkett, Maria identified the appellant before the officer made the
statement. See id. Moreover, appellant’s photo was randomly positioned in the array,
and Maria and Arely made their identifications independently. Also, Mejia testified
that he separately admonished Maria and Arely that the assailant may not be in the
photo array and that they were under no obligation to choose anyone. 
          Appellant has not demonstrated, by clear and convincing evidence, that the
manner in which the pretrial identification procedure was conducted was
impermissibly suggestive. Because we conclude that the pretrial identification was
not impermissibly suggestive, we need not address whether it resulted in a substantial
likelihood of misidentification. Colgin, 132 S.W.3d at 532 (citing Webb v. State, 760
S.W.2d 263, 269 (Tex. Crim. App. 1988)). Accordingly, we hold that the trial court
did not err in admitting into evidence Maria’s and Arely’s pretrial identification of
appellant.We overrule appellant’s first and second points of error.Sufficiency of the EvidenceIn his third through sixth points of error, appellant challenges the legal and
factual sufficiency of the evidence to support his conviction for aggravated robbery.
          A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of the property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. Id. at § 29.02(a)(2)
(Vernon 2003). “In the course of committing theft” means conduct that occurs in an
attempt to commit theft, during the commission of theft, or in immediate flight after
the commission of theft. Id. at § 29.01(1) (Vernon 2003). A person commits theft if
he unlawfully appropriates property with the intent to deprive the owner of the
property. Id. at § 31.03(a) (Vernon 2005). A person commits aggravated robbery if
he commits robbery and uses or exhibits a deadly weapon. Tex. Pen. Code Ann. §
29.03(a)(2) (Vernon 2003). 
Standard of Review
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004).
          In conducting the factual-sufficiency review, we must also employ appropriate
deference to the fact finder so that we do not substitute our judgment for that of the
fact finder. See Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004). An
opinion addressing factual sufficiency must include a discussion of the most
important and relevant evidence that supports an appellant’s complaint on appeal. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Our evaluation
should not intrude upon the fact finder’s role as the sole judge of the weight and
credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). What weight to be given contradictory testimonial evidence is
within the sole province of the fact finder because it turns on an evaluation of
credibility and demeanor. Id. at 408-09. The fact finder is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none of the
testimony presented. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991).
Credibility of the WitnessesIn his third and fourth points of error, appellant complains that there was
legally and factually insufficient evidence to prove appellant’s identity as the robber. 
Specifically, he contends that Maria’s and Arely’s testimony incriminating appellant
was not credible because the interior dome light of their vehicle was off during the
robbery. We disagree.
          Although Arely testified that the dome light did not come on, Maria testified
that it did. Additionally, Arely testified that she was arms-length away from the
appellant and could see his face clearly because of the gas station’s artificial lighting. 
Maria testified that she got a clear look at appellant’s face because his face was not
obscured and the gas station was very well lit. In court, both Maria and Arely
identified appellant with “100 percent” certainty as the robber. Viewing all of the
evidence in the light most favorable to the verdict, a rational trier of fact could have
found beyond a reasonable doubt that appellant committed the aggravated robbery. 
See Escamilla, 143 S.W.3d at 817. We thus hold that the evidence is legally
sufficient. 
          Appellant’s factual sufficiency complaint reasserts the same claims as those in
his legal sufficiency complaint. The jury was free to believe or disbelieve any or all
of Maria’s and Arely’s testimony and resolve the evidence as they saw fit. See
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). Viewing all of the evidence in a neutral
light, we conclude that the evidence regarding the identification of appellant as
perpetrator of the aggravated robbery is not so weak that the verdict is clearly wrong
and manifestly unjust. See Escamilla, 143 S.W.3d at 817. Accordingly, we hold that
the evidence is factually sufficient. 
          We overrule appellant’s third and fourth points of error.Possession of a FirearmIn points of error five and six, appellant argues that the evidence was legally
and factually insufficient to show that appellant possessed a firearm. We disagree.
          A robbery becomes an aggravated robbery if the actor “uses or exhibits a
deadly weapon.” Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003); McCain v.
State, 22 S.W.3d 497, 501 (Tex. Crim. App. 2000). The phrase “uses or exhibits a
deadly weapon” in the aggravated robbery statute means “employing a deadly weapon
in any manner that facilitates the associated felony.” McCain, 22 S.W.3d at 502. A
“firearm” is a deadly weapon per se. Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon
2003). A “firearm” is “any device designed, made, or adapted to expel a projectile
through a barrel by using the energy generated by an explosion or burning substance
or any device readily convertible to that use.” Id. at § 46.01(3) (Vernon 2003). 
          As appellant points out, the term “gun” is broader than the term “firearm.” See
Mosley v. State, 545 S.W.2d 144, 145-46 (Tex. Crim. App. 1976) (stating that an air
pistol is not a firearm). It was not necessary for the State to allege a firearm was used
to prove the robber exhibited a deadly weapon. Gomez v. State, 685 S.W.2d 333, 336
(Tex. Crim. App. 1985). However, once the allegation was made, it then became
incumbent upon the State to prove that the weapon appellant brandished was in fact
“a firearm.” Id. Appellant argues that Maria’s and Arely’s testimony describing a
semi-automatic pistol did not prove beyond a reasonable doubt that the gun was a
firearm and not an air pistol or “even a weapon at all.”
          In regard to appellant’s legal sufficiency complaint, both Maria and Arely
testified that appellant pointed a “gun” or a “handgun” at the baby, who was seated
in the middle row of the Surburban, next to Arely. Both Maria and Arely testified
that they were within arms length of appellant when he was pointing the gun at
Fernando. They also testified that appellant said he would kill the baby if they did
not get out of the Surburan. Arely described the gun as a “small handgun,” and Maria
described it as “black like and then nickle plated or silver.” Houston police officer
Carl Rodriguez testified that he responded to the crime scene and Maria told him that
the robber was armed with what was probably a small, stainless steel, semi-automatic
pistol. Deputy Constable Stephanie Drummon testified that she found a “semi-automatic” pistol under the driver’s seat of the car appellant was driving when she
arrested him in Irving five days after the robbery. Viewing all of the evidence in the
light most favorable to the verdict, a rational trier of fact could have found, beyond
a reasonable doubt, that appellant exhibited a firearm during the robbery. See Wright
v. State, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) (“testimony using any of the
terms ‘gun,’ ‘pistol,’ or ‘revolver’ is sufficient to authorize the jury to find that a
deadly weapon or firearm was used”). 
          Appellant’s factual sufficiency complaint reasserts the same claims as those in
his legal sufficiency complaint. The jury was free to believe or disbelieve any or all
of Maria’s, Arely’s, or the officers’ testimony and resolve the evidence as they saw
fit. See Adelman, 828 S.W.2d at 421; Sharp, 707 S.W.2d at 614. Viewing all of the
evidence in a neutral light, the evidence demonstrating that appellant exhibited a
firearm during the robbery is not so weak that the verdict is clearly wrong and
manifestly unjust. See Williams v. State, 980 S.W.2d 222, 225 (Tex. App.—Houston
[14th Dist.] 1998, no pet.) (holding that complainant’s testimony that weapon was
“black, metal-like gun” was not “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust,” and thus was factually sufficient). 
          Accordingly, we hold that the evidence is legally and factually sufficient to
support appellant’s conviction of the offense of aggravated robbery. 
          We overrule appellant’s fifth and sixth points of error.
 
 
ConclusionWe affirm the judgment of the trial court.
                                                             
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.