IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00138-CV

 

Texas Department of Public Safety,

                                                                                    Appellant

 v.

 

Meghan K. Wells,

                                                                                    Appellee

 

 

 



From the 21st District
Court

Burleson County, Texas

Trial Court No. 25,844

 



MEMORANDUM  Opinion



 

The parties have filed a “joint motion
for entry of an agreed order” that is signed by counsel for each party.  It
states that they agree that we should reverse the trial court’s order being
appealed, should affirm the underlying administrative decision, and should
order that each party bear their own costs as incurred.  See Tex. R. App. P. 42.1(a)(2)(A).

Accordingly, we reverse the trial
court’s January 8, 2010 order and render judgment affirming the October 13,
2009 administrative decision that suspends Appellee Meghan K. Wells’s license
for 90 days.  It is further ordered that each party pay costs of this appeal as
they have been incurred.

 

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and 

Justice Davis

Motion
granted; judgment reversed and rendered

Opinion
delivered and filed October 27, 2010

[CV06]








 






introduced that the pistol was loaded or unloaded. There was also
no evidence that Adame attempted or intended to use the pistol in any other manner.
Standard of Review
      We review a legal sufficiency challenge by considering the evidence in the light most favorable
to the verdict and ask whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000)
(citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). The
factfinder is entitled to evaluate the credibility of witnesses and is entitled to believe all, some or
none of the evidence presented. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). 
A jury verdict must stand unless it is found to be irrational or unsupported by some evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (citing Jackson, 443 U.S. at 319, 99
S. Ct. at 2789).
       When we review a factual sufficiency challenge, we view all evidence in a neutral light and
reverse only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Perkins v. State, 19
S.W.3d 854, 856 (Tex. App.—Waco 2000, no pet. h.). When conducting a Clewis factual
sufficiency analysis, we ask “whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
jury verdict.” Johnson, 23 S.W.3d 1, 11 (citing Mata v. State, 939 S.W.2d 719, 729 (Tex.
App.—Waco 1997, no pet.) (Vance, J., concurring)); Perkins, 19 S.W.3d at 856. This review must
defer to the jury verdict so as to avoid an appellate court substituting its judgment for that of the jury. 
See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 133. We
may find the evidence factually insufficient only where necessary to prevent manifest injustice. 
Cain, 958 S.W.2d at 407.
Deadly Weapon
       Texas Penal Code section 1.07(a)(17) defines a “deadly weapon” as: “(A) a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting death or serious
bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.” Tex. Pen. Code Ann. §1.07(a)(17) (Vernon Supp. 2000). 
Weapons included within section (A) are sometimes referred to as deadly weapons by “design,”
while those in section (B) are referred to as deadly weapons by “use.” Holder v. State, 837
S.W.2d 802, 807 (Tex. App.—Austin 1992, pet. ref’d). The State alleges only that the BB pistol
in this case was capable of causing death or serious bodily injury in the manner of its use or
intended use.
      The fact that a BB pistol is loaded or unloaded is significant in the deadly weapon analysis. 
The burden of proof is on the State to prove that the pistol was actually capable of causing death
or serious bodily injury in the manner of its use or intended use. Id. In Holder, the evidence was
found insufficient to show that a BB pistol was a deadly weapon, because no proof was introduced
that the BB pistol, as used, was capable of causing death or serious bodily injury. Id.; see also
Mosley v. State, 545 S.W.2d 144, 146 (Tex. Crim. App. 1976). However, an unloaded BB pistol
has been held to be a deadly weapon by use under certain circumstances. See Delgado v. State,
986 S.W.2d 306, 308 (Tex. App.—Austin 1999, no pet.). In Delgado, the court held that the jury
could infer that the pistol was loaded at the time of the offense because the defendant brandished
the pistol, threatened to kill the victims and pointed the pistol at their heads. Id. The court stated
that, based on the actions of the defendant, the evidence was legally sufficient to support the
deadly weapon finding. Id.
      The Court of Criminal Appeals recently held in McCain that “objects used to threaten deadly
force are in fact deadly weapons.” McCain, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). The
court stated that the key to a deadly weapon finding is whether the weapon is “capable,” in the
manner of its use or intended use, of causing death or serious bodily injury. Id.
      Unlike the knife in Cain, a BB pistol is generally not “capable” of causing death or serious
bodily injury unless it is loaded. See Holder, 837 S.W.2d at 808-09. No evidence was adduced
at trial that the BB pistol used in this case was loaded or unloaded. Also, there was no other
evidence produced by the State that would allow the jury to infer that the BB pistol was loaded
from the circumstances. Cf. Delgado, 986 S.W.2d at 308.
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Judgment of conviction modified and affirmed as modified, 
      judgment of punishment reversed and remanded
Opinion delivered and filed January 10, 2001
Publish