

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00156-CR

JUSTIN EUGENE CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th District Court
Dallas County, Texas
Trial Court No. F-1262793-Q

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Justin Eugene Clark entered an open plea of guilty[1] and signed a written judicial confession to the charge of aggravated robbery with a deadly weapon, including the State's allegations concerning the use of a deadly weapon.[2]

At his hearing, Clark testified that approximately a month after he turned seventeen years old, he left the residential drug treatment center where he had been staying and stole a car belonging to Amber Taylor, a counselor at the center. Clark then drove to Dallas, where he consumed Xanax and marihuana and then, with an accomplice he had never met before, robbed Debbie Richardson.[3] Clark testified that he was armed with an unloaded pellet pistol he had stolen from Walmart. The trial court found Clark guilty, assessed punishment at ten years' imprisonment for aggravated robbery,[4] and signed a written judgment containing an affirmative deadly weapon finding.

Clark has filed an appeal of this conviction and raised as his sole issue a claim that the record contains insufficient evidence to conclude the pellet gun was a deadly weapon. The State responded that the guilty plea and judicial confession are sufficient, by themselves, to support the

---

[1]The record contains a document titled "plea agreement" signed by the State and Clark. The parties agree Clark entered an open plea and do not claim any plea agreement exists. The trial court's certification of Clark's right to appeal states that this case is not a plea bargain.

[2]*See* TEX. PENAL CODE ANN. § 29.03 (West 2011); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2013).

[3]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[4]In a companion case, the trial court assessed punishment at two years' imprisonment for Clark's unauthorized use of a motor vehicle.

deadly weapon finding or, alternatively, that the record contains sufficient evidence to support the finding.

## I. A Guilty Plea and a Written Judicial Confession Provide Sufficient Evidence

The State takes the position that Clark's argument on appeal completely ignores the fact that Clark both entered a plea of guilty and signed a written judicial confession, facts which make a significant difference in our analysis. The indictment alleges that Clark committed aggravated robbery by the statutory alternative[5] of using or exhibiting a deadly weapon, to-wit: "A FIREARM AND A PELLET GUN." Because of the nature of the charge, the use or exhibition of a deadly weapon was an element of the charged offense.

The judgment of conviction contains an affirmative deadly weapon finding as well as a finding of guilt of the charged offense. A deadly weapon finding requires evidence that "(1) the object meets the statutory definition of a dangerous weapon, TEX. PENAL CODE [ANN.] § 1.07(a)(17)(B); (2) the deadly weapon was used or exhibited 'during the transaction from which' the felony conviction was obtained, *Ex parte Jones*, 957 S.W.2d 849, 851 (Tex. Crim. App. 1997); and (3) . . . other people were put in actual danger." *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). Firearms are per se deadly weapons unless they are used in such a manner that it is reasonably apparent that death or serious bodily injury could not result.

---

[5]The statute defining the offense of aggravated robbery includes three alternative means of committing the offense: (1) causing serious bodily injury to another, (2) using or exhibiting a deadly weapon, or (3) causing "bodily injury to another person or threaten[ing] or plac[ing] another person in fear of imminent bodily injury or death, if the other person is: (A) 65 years of age or older; or (B) a disabled person." *See* TEX. PENAL CODE ANN. § 29.03. Because the State only alleged a single means of commission, the State is bound by its allegation. *See Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) ("[T]he failure to prove the statutory language pled renders the evidence legally insufficient to support the conviction."); *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001) ("[W]hen the controlling statute lists several alternative acts intended by the defendant and the indictment limits the State's options by alleging certain of those intended acts, the hypothetically correct charge should instruct the jury that it must find one of the intended acts alleged in the indictment.").

*See Flanagan v. State*, 675 S.W.2d 734, 744 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g, en banc) (shotgun); *Bell v. State*, 501 S.W.2d 137, 138 (Tex. Crim. App. 1973) (pistol). A BB or pellet gun is not a "firearm" within the meaning of the Texas Penal Code and is deemed not to be a deadly weapon per se. *See Daughtery v. State*, 62 S.W.3d 913, 917 (Tex. App.—Eastland 2001, pet. ref'd). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2013).[6]

When a defendant has pled not guilty, we review the sufficiency of the evidence based on the standards announced in *Jackson v. Virginia*, which requires us to consider the evidence in the light most favorable to the verdict and to determine whether any rational trier of fact could have found the existence, beyond a reasonable doubt, of the essential elements of the crime. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard of review, however, does not apply when defendants plead guilty or nolo contendere. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986); *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988) (citing *Boykin v. Alabama*, 395 U.S. 238, (1969)); *O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.).

When a defendant enters a plea of "guilty" or "no contest" to a felony offense, Article 1.15 of the Texas Code of Criminal Procedure requires the State to offer evidence of guilt. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). "Article 1.15 . . . is an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Williams*, 703

---

[6]For instance, an automobile, although not designed for use as a deadly weapon, can be used in such a fashion that it becomes a deadly weapon. *Noyola v. State*, 25 S.W.3d 18, 20 (Tex. App.—El Paso 1999, no pet.).

4

S.W.2d at 678. Our review is limited to a determination of whether the State introduced evidence of guilt "embrac[ing] every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd).

A written judicial confession that a deadly weapon was used or exhibited is sufficient to support a deadly weapon finding, regardless of whether additional evidence was presented at trial. *Keller v. State*, 125 S.W.3d 600, 605–06 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *Espinoza v. State*, No. 04-13-00462-CR, 2014 Tex. App. LEXIS 3532, at *10 (Tex. App.—San Antonio Apr. 2, 2014, no pet.) (mem. op., not designated for publication); *Cobbs v. State*, Nos. 07-11-00200-CR, 07-11-00201-CR, 07-11-00202-CR, 2012 Tex. App. LEXIS 6374, at **7–8 (Tex. App.—Amarillo July 18, 2012, no pets.) (mem. op., not designated for publication); *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g, en banc). The record contains sufficient evidence to demonstrate compliance with Article 1.15 of the Texas Code of Criminal Procedure.

## II. Any Error in Failing to Explicitly Consider Evidence that the Object Was Not a Deadly Weapon Has Not Been Preserved for Appellate Review

As pointed out by Clark, the record contains some evidence that the weapon carried and displayed by Clark was not a deadly weapon. The State conceded at trial that the police had recovered the weapon and that it was a pellet gun, not a firearm.[7] Clark testified that the pellet gun was not loaded at the time of the robbery. As noted above, a deadly weapon finding is both

---

[7]When pronouncing sentence, the trial court stated that Clark "really didn't use a real gun."

5

an element of the offense with which Clark was charged as well as an affirmative finding. Thus, evidence that the weapon was an unloaded pellet gun is some evidence of innocence.

When evidence of innocence is introduced during a bench trial, the trial court is not required to withdraw a guilty plea and enter a plea of not guilty as it would be in a jury trial. *Aldrich v. State*, 104 S.W.3d 890, 892–93 (Tex. Crim. App. 2003); *Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978) ("The majority of the Court now adopts for its opinion the dissenting opinion on original submission."). In a bench trial, the trial court is merely required to consider the evidence of innocence when determining guilt. *Aldrich*, 104 S.W.3d at 893.

In *Aldrich*, the defendant assigned points of error challenging both the sufficiency of the evidence and the trial court's explicit refusal to consider the evidence of innocence. *Id.* at 892. The Texas Court of Criminal Appeals held that because "'appellant made a judicial confession sufficient to sustain the conviction . . . the only question presented for review is whether the appellant's plea of guilty should have been withdrawn by the court and a plea of not guilty entered.'" *Id.* (quoting *Moon*, 752 S.W.2d at 682). Because Aldrich had not objected to the trial court's explicit refusal to consider the evidence of innocence, the Texas Court of Criminal Appeals concluded that any error was not preserved for appellate review.

Unlike *Aldrich*, the trial court in this case did not explicitly refuse to consider evidence of innocence. The record in this case is silent concerning whether the trial court considered the evidence of innocence or whether it relied solely upon Clark's guilty plea and written stipulation. Regardless, similar to the situation in *Aldrich*, Clark did not object at trial. Further, Clark has raised no issue on appeal alleging that the trial court erred in failing to consider the evidence of

6

innocence. Any error by the trial court in not explicitly considering the evidence of innocence has not been preserved or assigned for our review.

**III.    The Record Contains Sufficient Evidence for the Trial Court to Have Rejected Evidence that the Pellet Gun Was Not a Deadly Weapon**

Assuming, without deciding, that our review of Clark's guilty plea proceeding taken pursuant to Article 1.15 of the Texas Code of Criminal Procedure requires us to consider both exculpatory and inculpatory evidence, we conclude there was sufficient evidence presented in this case for the trial court to have reasonably rejected the evidence of innocence and to have relied on the guilty plea and judicial confession to conclude that the pellet gun was a deadly weapon.

Clark concedes that the Texas Court of Criminal Appeals has held a BB or pellet gun can be a deadly weapon. In *Adame v. State*, the court held evidence "that appellant displayed the BB gun to the convenience store clerk and that the gun was capable of causing serious bodily injury if pointed and fired at someone" was sufficient. *Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). The *Adame* court explicitly rejected the argument that the State was obligated to prove that the BB gun was loaded. *Id*. The court stated,

> It is not necessary, however, to place an additional evidentiary burden on the State to affirmatively prove that a BB gun, which is not a deadly weapon per se, was loaded at the time of the commission of the offense. Rather, in proving use of a deadly weapon other than a deadly weapon per se, the State need show only that the weapon used was capable of causing serious bodily injury or death in its use or intended use.

*Id.* The court further stated, "It is reasonable to infer that defendants use loaded guns to facilitate convenience store robberies." *Id*.

7

Clark argues we should disregard *Adame* because the Texas Court of Criminal Appeals' reasoning was flawed saying that it (1) ignored the temporal aspect of the BB gun's use or intended use, (2) ignored other factors related to the weapon's capability of causing death or serious bodily injury, (3) presumed that the gun was loaded, (4) assumed a particular BB gun was capable of causing serious bodily injury merely because some BB guns are, and (5) utilized conclusory statements in its reasoning. Clark urges this Court to follow the reasoning of Judge Meyers' concurrence in *Adame*. *See id*. at 583 (Meyers, J., concurring). We are obligated to follow the majority opinions of the Texas Court of Criminal Appeals as our precedent, not minority opinions.

Clark also argues that this case is distinguishable from *Adame* and argues that this case is more closely akin to *Mosley v. State*, 545 S.W.2d 144 (Tex. Crim. App. 1976). In *Mosley*, the record contained evidence that the BB gun's "projectile had a very low velocity and rarely went over five feet." *Id*. at 145. This record does not contain any similar evidence establishing a low velocity and trajectory. Clark argues, because this case does not contain evidence that the pellet gun had a powerful velocity, similar to *Applewhite v. State*, No. 05-11-00959-CR, 2013 Tex. App. LEXIS 6778, at **5–6 (Tex. App.—Dallas June 3, 2013, pet. ref'd) (mem. op., not designated for publication) (evidence pellet gun made pea-sized dents in metal), we must presume the pellet gun lacks sufficient velocity. *Applewhite* does not support such a presumption, and such a presumption is contrary to *Adame*. *Mosley* is distinguishable from *Adame* because in *Mosley* there was evidence of a low velocity and trajectory, whereas there was no such evidence in *Adame*. *Compare Mosley*, 545 S.W.2d at 145 *with Adame*, 69 S.W.3d at

8

582. Because there is no evidence in Clark's appellate record regarding velocity and trajectory (such as in *Mosley*), *Adame* controls.

Clark's final argument is that this case is distinguishable from *Adame* because Clark testified that the pellet gun was not loaded. Although the record conclusively establishes the weapon exhibited was a pellet gun, the record does not conclusively establish that the pellet gun was unloaded. Clark's self-serving testimony that the gun was empty could have been disbelieved by the trial court. In fact, the trial court expressed doubts about Clark's truthfulness and stated to Clark when pronouncing sentence, "[Y]ou can't be truthful." The trial court could have disbelieved Clark's self-serving testimony and made the reasonable inference, as permitted by *Adame*, that the pellet gun was loaded.

Similar to *Adame*, the trial court could have concluded that the brand new gun stolen from Walmart was in working order and capable of firing a projectile which could cause serious bodily injury. *See Adame*, 69 S.W.3d at 582. The victim in this case testified that she was entering her car as Clark and another man approached. Clark pointed the pellet gun at her and demanded her money, car keys, and cell phone. Because of the proximity of Clark to his victim (only an arm's length distance), the trial court could also have concluded that the pellet gun was capable of being used as a club. *See Delgado v. State*, 986 S.W.2d 306, 309 (Tex. App.—Austin 1999, no pet.) (finding rational juror could have concluded gun was capable of inflicting serious bodily injury when used as club). "Objects that are not usually considered dangerous weapons may become so, depending on the manner in which they are used during the commission of an offense." *Drichas*, 175 S.W.3d at 798.

9

A loaded pellet gun could cause serious bodily injury (such as damage to an eye). Even if accepted as true, Clark's testimony that the pellet gun was not loaded did not preclude a deadly weapon finding by the trial court.

## IV. The Deadly Weapon Finding Contains a Clerical Error

During our review of this case, we noticed that the judgment incorrectly states that Clark exhibited a firearm. The affirmative deadly weapon finding provides, "YES, A FIREARM." As noted above, the State conceded that Clark used a pellet gun, and the trial court stated Clark "really didn't use a real gun." This Court has authority to modify a judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). We modify the judgment to correctly reflect that Clark used a deadly weapon which was not a firearm. The deadly weapon finding is modified to "YES," and the reference to a firearm is deleted from the judgment.

## V. Conclusion

We conclude that Clark's guilty plea and written stipulation are sufficient to comply with Article 1.15. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. Any error in not explicitly considering evidence that the pellet gun was not a deadly weapon has not been preserved for appellate review and, assuming our review can consider such contrary evidence, the record contains sufficient

10

evidence for the trial court to have rejected such evidence. The record contains sufficient evidence that Clark used or exhibited a deadly weapon.

We modify the deadly weapon finding in the judgment to merely state "YES" and affirm, as modified.


Bailey C. Moseley
Justice


Date Submitted:     May 8, 2014
Date Decided:       May 21, 2014

Do Not Publish

11