**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KIM HOUSHOLDER,

      Defendant - Appellant.

No. 15-3146
(D.C. No. 6:14-CR-10120-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **MATHESON**, Circuit Judges.

      Defendant-Appellant Kim Housholder was convicted by a jury of possession of an unregistered silencer and sentenced to twenty-seven months' imprisonment and two years' supervised release. 26 U.S.C. §§ 5861(d); 5871; 5845(a)(7). He was also ordered to forfeit the rifle associated with his silencer. 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

In April 2014, police officers obtained and executed a drug search warrant at Mr. Housholder's residence in Greeley County, Kansas. The search warrant permitted the officers to seize, among other items, drug paraphernalia and weapons. 1 R. 22–23. The officers found drug paraphernalia and arrested Mr. Housholder for drug offenses. One of the officers spotted and picked up a rifle in the living room as Mr. Housholder was being escorted out of his home. According to testimony at trial, when the officer started to examine a device that had been attached to the rifle's barrel, Mr. Housholder spontaneously said, "that's not a silencer; that's a bicycle pedal." 3 R. 152. Based on his training and experience, the officer thought that the device was a homemade silencer. The officer seized the rifle because there was no serial number or manufacturing information on the device, and he knew it was illegal to have an unregistered silencer. 3 R. 183. There were no silencers registered to Mr. Housholder at the time of his arrest. 3 R. 344.

Upon further inspection, the officers discovered that the device was securely fixed on the rifle's barrel with Allen screws and had been taken off and put on the rifle several times. 3 R. 183–84; see also Aplee. Br. Attach. A. To determine whether the device was a homemade silencer, the officers sent it to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) for inspection and testing. 3 R. 184.

A BATFE firearm enforcement officer tested the device and concluded that it was a homemade silencer based on its design and functionality. 3 R. 364. She testified at trial that "[a] silencer is a device that's utilized for silencing, muffling, or diminishing the report of a portable firearm. It also includes . . . any combination of parts that . . . make a silencer." 3 R. 352. The device's physical design resembled a silencer — it was tightened over the rifle's barrel, and had an expansion chamber and a rear and front cap. 3 R. 356. She also testified that the device's design was unique because it fit over the rifle's flash suppressor and was secured with three Allen screws. 3 R. 356.

The BATFE officer also conducted a sound meter test to determine whether the device reduced the sound of gunfire. She tested the device with an adapter so that it would fit on her .22 caliber Ruger pistol. 3 R. 358. She shot the pistol five times without the device in a testing area while another firearm enforcement officer measured how loud the gun shots were. 3 R. 357–58. When the pistol was fired five times with the device on, the resulting sound was about half as loud. 3 R. 360–63. The sound reduction was so significant that the BATFE officer noticed it through her ear protection. 3 R. 363. Based on its physical characteristics and the results of the sound meter test, she concluded that the device was a homemade silencer. 3 R. 364.

While the jury found Mr. Housholder guilty of knowingly possessing an unregistered silencer, it acquitted him of possessing a firearm as an unlawful user

of a controlled substance.  1 R. 133, 106.  By special verdict, the jury found that the rifle was involved in the commission of possessing an unregistered silencer, 1 R. 144, making both the rifle and the silencer subject to forfeiture, 1 R. 162–63.

## Discussion

Mr. Housholder challenges the sufficiency of evidence underlying his conviction.  He also argues that the district court erred in ordering forfeiture of his rifle.  We address both arguments in turn.

A.     Sufficiency of the Evidence

We review sufficiency of the evidence challenges de novo.  United States v. Faust, 795 F.3d 1243, 1247 (10th Cir. 2015).  When determining whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt, we view the evidence and its accompanying inferences in a light most favorable to the government.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Weighing conflicting evidence and considering the witnesses' credibility are duties reserved for the jury, not us.  See United States v. Medina-Copete, 757 F.3d 1092, 1107 (10th Cir. 2014).

26 U.S.C. § 5861(d) criminalizes possessing a firearm that is not registered in the National Firearms Registration and Transfer Record.  A silencer is a firearm.  26 U.S.C. § 5845(a)(7).  "From the text of the statute, the only element is possession of an unregistered firearm.  However, the Supreme Court has read a

mens rea requirement into the crime — to obtain a conviction, the [g]overnment must prove the defendant 'knew of the features of [the firearm] that brought it within the scope of the Act.'" United States v. Dwyer, 245 F.3d 1168, 1171 (10th Cir. 2001) (second alteration in original) (quoting Staples v. United States, 511 U.S. 600, 619 (1994)).

The jury was instructed that it must find all of the following beyond a reasonable doubt:

> *First*, that on or about April 4, 2014, the defendant knowingly possessed a "silencer;"
>
> *Second*, the defendant knew of the specific characteristics or features of the "silencer" that caused it to be registrable under the National Firearms Registration and Transfer Record;
>
> *Third*, the "silencer" was in operating condition; and
>
> *Fourth*, the "silencer" was not registered to the defendant in the National Firearms Registration and Transfer Record. The government is not required to prove that the defendant knew that the firearm was not registered or had to be registered.

1 R. 113.

On appeal, Mr. Housholder argues that the evidence was insufficient to prove the first and second elements of the offense. Aplt. Br. at 8–16, Aplt. Reply Br. at 2–5. With regard to the first element, Mr. Housholder argues that there was no evidence that the device was attached to the rifle for the purpose of diminishing the sound of the gunfire. Aplt. Br. at 8–12. A silencer is "any device for silencing, muffling, or diminishing the report of a portable firearm, including

- 5 -

any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24). Mr. Housholder relies on United States v. Crooker, 608 F.3d 94 (1st Cir. 2010), a case where the silencer was created to silence an airgun — which is not a firearm — and required modification to fit a firearm. On these unusual facts, the First Circuit panel held that the defendant was entitled to an acquittal. Id. 99–100. No evidence supported that the defendant intended the device to function as a firearm silencer, and the jury instructions said it was unnecessary.[1] Id. at 96, 99.

Crooker is plainly distinguishable. Viewing the evidence in the light most favorable to the government, Mr. Housholder fabricated a metal device into a silencer by welding a piece on it which allowed it to attach to his rifle. The device was attached to his rifle when seized, which clearly speaks to intent. As explained by the BATFE officer, the device was designed to be large enough to fit over a flash suppressor at the end of the rifle. It was secured to the rifle with three Allen screws. The BATFE officer discussed her testing of the device and we need not repeat the evidence.

Mr. Housholder argues that the evidence is insufficient because the BATFE officer said it was unnecessary to rely upon the sound testing, had to attach the

---

[1] Given our standard of review of the evidence in this case, Mr. Housholder lacks a factual predicate to rely upon Crooker and we express no opinion on its reasoning or outcome.

- 6 -

device to a pistol because she did not have the rifle, and only reported a 9.7 decibel reduction. He also points out that although the BATFE officer did testify that the device had an expansion chamber, it lacked internal baffles, wipes, or cones normally associated with silencers. Of course, these points were explored during the examination of the BAFTE officer. She considered the design, purpose, and actual function of the device in reaching her conclusion. The evidence is sufficient.

Second, Mr. Housholder argues that there was insufficient evidence regarding his knowledge of the specific characteristics of the device that required registration. Aplt. Br. at 13–16. We disagree. There are several facts that could lead the jury to conclude that Mr. Housholder knew of the specific features of the device that required it to be registered. First, it is reasonable to infer that Mr. Housholder's unprovoked statement, "that's not a silencer; that's a bicycle pedal," shows that he knew the device had the characteristics of a silencer. 3 R. 152. Although false exculpatory statements like his "cannot be considered by the jury as direct evidence of guilt," United States v. Zang, 703 F.2d 1186, 1191 (10th Cir. 1982), they "support an inference of consciousness of guilt." United States v. Smith, 833 F.2d 213, 218 (10th Cir. 1987). In United States v. Sanders, we explained that "a jury's disbelief of a defendant's testimony can raise a positive inference of guilt." 240 F.3d 1279, 1284 (10th Cir. 2001). Because there was no evidence indicating that the device was anything but a homemade

silencer, it would have been reasonable for the jury to disbelieve his statement and infer, because his statement was unprovoked, that he knew it required registration.

Second, the device had been modified to fit the rifle and had been attached and removed on multiple occasions. Because the rifle belonged to Mr. Housholder, it is reasonable to infer that he handled and modified the device, and therefore knew of the characteristics that required him to register it. This inference distinguishes this case from Sanders, in which the defendant had purchased a gun with an alleged silencer already attached, and had never removed it. Id. at 1283. The government's expert in Sanders explained that "it was impossible to know that the attachment was a silencer based upon its physical characteristics without removing the attachment from the barrel." Id. (emphasis omitted).

In sum, there was sufficient evidence to convict Mr. Housholder of possessing an unregistered firearm.

B.    Forfeiture

We review the district court's interpretation of forfeiture laws de novo. United States v. McGinty, 610 F.3d 1242, 1245 (10th Cir. 2010). 18 U.S.C. § 924(d)(1) requires forfeiture of any firearm "involved in . . . any violation of any . . . criminal law of the United States" as "demonstrated by clear and convincing evidence." The term "involved in" is not defined in the statute, so we

must interpret it according to its ordinary meaning.  Smith v. United States, 508 U.S. 223, 228 (1993).  The Supreme Court has described the term "involved in" as "expansive."  Id. at 235.  Indeed, a firearm can be involved in a crime even when it is not used.  Id.  Contrary to Mr. Housholder's assertion, as long as the firearm is involved in the commission of a federal crime, it is immaterial whether the government "comingle[d] both [the silencer and the rifle] in each of their two forfeiture allegations when they were separately charged in the superseding indictment."  Aplt. Br. at 16.  Although a conviction for possessing an unregistered silencer must not necessarily involve a gun, it certainly can.

The jury's conclusion that the rifle was involved in the crime of possessing an unregistered silencer is supported by clear and convincing evidence.  The device was on the gun when the police discovered it, and had been removed and attached on several occasions.  It was also designed to fit over the rifle's flash suppressor.

At oral argument, Mr. Housholder argued for the first time that the rifle cannot be forfeited because it is not a firearm under 26 U.S.C. § 5845(a).  Although we question the merit of this argument, we will not address it because it "comes too late."  Thomas v. Denny's, Inc., 111 F.3d 1506, 1510 n.5 (10th Cir. 1997).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge