# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2022

Lyle W. Cayce
Clerk

No. 21-10942

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHAMAR CORTEZ WOMACK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-50-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Shamar Cortez Womack was sentenced to 210 months of imprisonment after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, he contends that his Arkansas drug offense does not qualify as a serious drug felony under the Armed Career Criminal Act. The Government has filed a motion for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

summary affirmance or, in the alternative, for an extension of time to file a merits brief. It asserts that Womack's argument is foreclosed by circuit precedent.

For a state statute to be broader than its federal counterpart, there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). As acknowledged by Womack, he cannot make such a showing because he is unable to point to an actual case in which Arkansas courts applied the relevant offense in a nongeneric manner. *See United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc). Although he claims that this court's application of the realistic probability test is wrong and unfair, "in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court," we are bound by our precedent. *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020) (quoting *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010)), *cert. denied*, 141 S. Ct. 2823 (2021).

In light of the foregoing, the Government's motion for summary affirmance is DENIED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the alternative motion for an extension of time in which to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.