# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10732
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Campion,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-95-1

————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jason Campion pleaded guilty to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and he was sentenced to 151 months of imprisonment. His sentence reflected the district court's application of a career offender enhancement, pursuant to

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10732

U.S.S.G. § 4B1.1, based upon Campion having been convicted of at least two prior offenses which qualified as controlled substance offenses.

On appeal, Campion contends that the district court erred in designating him as a career offender based on his 2017 Delaware conviction for the offense of possession with intent to distribute a controlled substance. Given that Campion did not object to his sentence on this ground in the district court, our review is for plain error. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018).

Even if we were to assume that the Delaware statute at issue was overbroad because it included substances which were not covered by the Controlled Substances Act, Campion's claim fails. Campion had to show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc) (internal quotation marks and citation omitted). Campion did not meet that test.

Accordingly, the judgement of the district court is AFFIRMED.