# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50830
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Byles,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-88-1

————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Justin Byles challenges his within-Guidelines 63-months' sentence, imposed following his guilty-plea conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In contesting the district court's application of the controlled-substance-offense enhancement under Sentencing Guideline § 2K2.1(a)(4), Byles maintains his 2018 Oklahoma

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction for possession with intent to distribute marihuana is not a controlled-substance offense, as defined in Guideline § 4B1.2(b).

Along that line, and for the first time on appeal, Byles claims the specific statute of conviction for his underlying prior Oklahoma offense is unclear. The Oklahoma judgment for his prior offense identifies the crime as felony possession with intent to distribute, but then lists the applicable statute as being for misdemeanor simple possession of marihuana, Okla. Stat. Ann. tit. 63, § 2-402(B)(2) (2017), not felony possession with intent to distribute, Okla. Stat. Ann. tit. 63, § 2-401(A)(1) & (B)(2) (2017)). The reference in the judgment to the misdemeanor statute, however, appears to be a clerical error when considered in the light of the following: the judgment stated that Byles was convicted of the felony offense of possessing marihuana with intent to distribute; and he received a suspended ten-year sentence, which is well-above the statutory maximum for a § 2-402(b)(2) *misdemeanor* possession offense, but within the statutory range for a *felony* possession with intent to distribute offense, *see* § 2-401(A)(1), (B)(2).

Because Byles did not raise this issue in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). Because the statutory citation in the judgment for the prior offense is merely a clerical error, the district court inherently and plausibly concluded that Byles was previously convicted of felony possession with intent to distribute marihuana; that conclusion does not amount to the requisite clear or obvious

error. *E.g.*, *Broussard*, 669 F.3d at 550 (any error subject to reasonable dispute, "[b]y definition, . . . is not plain error").

Next, Byles contends that, even assuming he was convicted of possession with intent to distribute under § 2-401, the district court still erred in applying the Guideline § 2K2.1 enhancement because Oklahoma drug offenses are overbroad as they criminalize possession of drugs not listed in the federal Controlled Substances Act (CSA). Although our court has already determined that the statute in question is facially overbroad, *see Vazquez v. Sessions*, 885 F.3d 862, 872 (5th Cir. 2018), the inquiry does not end there. *E.g.*, *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc) (defendant "cannot simply rest on plausible interpretations of statutory text made in a vacuum"). Byles "must also show a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime". *Id.* (citation omitted). In other words, Byles must "point to an actual state case applying a state statute in a nongeneric manner, even where the state statute may be plausibly interpreted as broader on its face". *Vazquez*, 885 F.3d at 874 (citation omitted).

Accordingly, we resolve this appeal on the basis that Byles has failed to show (or even assert) that Oklahoma has applied, or that there is a realistic probability it would apply, his statute of prior conviction to substances not listed in the CSA. Because of this failure, he does not show reversible error. *E.g.*, *Vazquez*, 885 F.3d at 874 ("Having never suggested that the realistic probability test is satisfied here, [defendant] has waived the only viable argument."); *see also Castillo-Rivera*, 853 F.3d at 222–24.

AFFIRMED.