# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2025

Lyle W. Cayce
Clerk

_____

No. 22-10253

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Dylan Gregory Kerstetter,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-35-1

_____

## ON REMAND FROM
## THE SUPREME COURT OF THE UNITED STATES

Before Smith, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Dylan Gregory Kerstetter pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he argued that a sentencing enhancement that requires certain prior convictions be for offenses committed on different occasions could not be applied unless the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

facts supporting the enhancement were charged in the indictment and admitted by the accused or proved to a jury. He also argued that his prior convictions did not qualify for the enhancement. We affirmed. The Supreme Court granted a writ of certiorari, vacated our judgment, and remanded for reconsideration in light of an intervening Supreme Court decision.

We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Dylan Kerstetter was stopped by police in Dallas, Texas, because his vehicle allegedly had false license plates. An officer saw a bag of suspected methamphetamine on the vehicle's floorboard. A later search discovered more illegal drugs. Officers also found two firearms, one in the vehicle's console and the other in a backpack behind the driver's seat.

In January 2020, a federal grand jury indicted Kerstetter for being a felon in possession of a firearm, violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment did not allege any prior offenses. Later that year, Kerstetter stipulated he was guilty of being a felon in possession. In a footnote in the stipulation, he acknowledged that current law would allow his sentence to be enhanced due to prior felonies, but he argued that this law denied him due process because the facts relevant to the enhancement needed to be in the indictment and then proven to the fact-finder beyond a reasonable doubt.

In February 2021, Kerstetter pled guilty. His counsel challenged the presentence report's recommendations that are relevant to this appeal. The district court imposed a sentence of 190 months of imprisonment. His sentence reflected the court's application of the sentencing enhancement under the Armed Career Criminal Act ("ACCA"), which applies when a Section 922(g) offender has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different

from one another." 18 U.S.C. § 924(e)(1). The ACCA requires a mandatory minimum sentence of 15 years imprisonment. *Id.* Without the ACCA, Kerstetter's maximum sentence was 10 years.[1] § 924(a)(2) (2020).

On appeal, we affirmed the district court's use of the sentence enhancement because Kerstetter's "argument that the indictment must allege, and evidence at trial must prove, the facts of the commission of qualifying offenses on different occasions has long been rejected by this court." *United States v. Kerstetter*, 82 F.4th 437, 440 (5th Cir. 2023). Thereafter, the Supreme Court disagreed, holding that a jury, not a judge, must determine whether ACCA predicate offenses occurred on separate occasions. *Erlinger v. United States*, 602 U.S. 821, 835 (2024). The Supreme Court then granted Kerstetter's pending petition for certiorari, vacated our prior judgment, and remanded for further consideration in light of its new ruling. *Kerstetter v. United States*, 145 S. Ct. 121 (2024) (mem.).

## DISCUSSION

We first consider the Supreme Court's new holding about the need to charge prior offenses in the indictment and prove them to the jury before they can be used as predicate offenses under the ACCA.

*1. Need for prior offenses to be charged in indictment and proven to jury*

Kerstetter argues the district court violated his Fifth and Sixth Amendment rights by sentencing him under the ACCA. He asserts "an ACCA sentence is only lawfully available where the indictment alleges that

---

[1] The non-ACCA maximum penalty was raised from 10 to 15 years' imprisonment in 2022. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022) (codified at 18 U.S.C. § 924(a)(8)). Kerstetter's Section 922(g)(1) offense occurred before the penalty was raised, so he would have been subject to the 10-year maximum penalty.

the three predicate offenses were committed on different occasions." His supplemental briefing here insists he "had a right to be sentenced *for the offense charged in the indictment* and *to which he pleaded guilty*."

The Government concedes that, under *Erlinger*, the district court committed clear and obvious error in sentencing Kerstetter under the ACCA without a jury finding or Kerstetter's admitting that his prior offenses occurred on separate occasions. The parties dispute whether Kerstetter preserved his *Erlinger* objection in district court, a point that controls our standard of review. Nonetheless, we do not decide whether he preserved his objection because Kerstetter's claims fail under either review standard.

"An otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *United States v. Butler*, 122 F.4th 584, 589 (5th Cir. 2024) (quoting *United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002)). This means we must affirm Kerstetter's sentence if "any rational petit jury, when presented with a proper jury instruction, would have found beyond a reasonable doubt that [his qualifying] offenses occurred on different occasions" based on the record. *Id.* (quotation marks omitted) (quoting *Matthews*, 315 F.3d at 665).

The Government relies on one of our precedents that held a judge's failure to submit the separate-occasions inquiry to the jury was harmless. *Butler*, 122 F.4th at 590. Kerstetter argues that *Butler* is not controlling because of differences in the indictments. In *Butler*, there was a superseding indictment alleging the predicate offenses, *id.* at 587, but there was no superseding indictment in Kerstetter's case. We see no importance to this difference. What controls is *Erlinger*'s holding that failure to have a jury conduct the separate occasions inquiry is *Apprendi* error. *Erlinger*, 602 U.S.

at 835. *Apprendi* error is a failure to charge in an indictment and submit to a jury those facts that will "increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi*, 530 U.S. 466, 490 (2000) (quotation omitted). Such error is subject to harmless error review. *United States v. Robinson*, 367 F.3d 278, 285–86 (5th Cir. 2004).

The Court in *Erlinger* made clear that a statutory requirement that offenses occurred on separate occasions is an *Apprendi* matter. The determination requires a "multi-factored" inquiry. *Wooden v. United States*, 595 U.S. 360, 369 (2022). "Timing of course matters," as does geographic proximity and "the character and relationship of the offenses." *Id.* "For the most part, applying this approach will be straightforward and intuitive." *Id.*

The record shows that Kerstetter has four relevant prior offenses. His first offense was unlawful delivery of cocaine committed on February 11, 1993. His second offense was a burglary of a building committed on January 30, 2008. His third offense was burglary of a building committed on April 9, 2008. His fourth offense was delivery of a controlled substance committed on June 14, 2012. The parties do not dispute the existence of the prior convictions.

Nearly 15 years elapsed between Kerstetter's first and second offense. His second and third offenses, both burglary offenses, were separated by more than two months and committed against different victims. Finally, his fourth offense occurred four years after his third offense, and the offenses differed in nature: one was burglary and the other was delivery of a controlled substance. Based on the record, no rational juror could find Kerstetter's offenses did not occur on separate occasions. *See Butler*, 122 F.4th at 590. We hold the district court's error was harmless.

*2. Need for prior convictions to be violent felonies or serious drug offenses*

Kerstetter also argues that the district court erred in applying the ACCA enhancement because his prior convictions were not violent felonies or serious drug offenses for purposes of Section 924(e). This same argument was made when we first considered the appeal, and we rejected it in the decision that was later vacated by the Supreme Court. *Kerstetter*, 82 F.4th at 440–41. The Government argues that because the Supreme Court vacated that earlier decision and remanded solely for consideration of the *Erlinger* issue, our prior holding that his offenses were violent felonies or serious drug offenses remains binding and is beyond the proper scope of the remand. Our caselaw may not be completely consistent on this point, but we follow the clear holding in one precedent that once the Supreme Court vacates one of our opinions, that "opinion is no longer the law of the case." *Brown v. Bryan County.,* 219 F.3d 450, 453 n.1 (5th Cir. 2000).

We review *de novo* issues regarding whether Kerstetter's prior convictions satisfy the ACCA. *United States v. Prentice*, 956 F.3d 295, 298 (5th Cir. 2020).

First, Kerstetter contends that Texas's burglary statute, Texas Penal Code § 30.02(a), is too broad to be considered generic burglary because the statute "does not require proof of a specific intent to commit a crime inside the premises." This court has already held Section 30.02(a) to be generic for purposes of Section 924(e); thus, the ACCA applies. *United States v. Wallace*, 964 F.3d 386, 389–90 (5th Cir. 2020).

Next, Kerstetter contends that Texas Health & Safety Code § 481.112(a) sweeps too broadly to be a serious drug offense as defined in 18 U.S.C. § 924(e)(2)(A)(ii). He argues it is overbroad for these reasons: (1) the delivery of a controlled substance includes an offer to sell, meaning a person can be convicted for a fraudulent offer to sell; and (2) the list of

substances it covers includes position isomers of cocaine, which are not covered by the Controlled Substances Act. This argument is foreclosed because this court has already "held that the [Section] 481.112 offense constitutes a 'serious drug offense' under the ACCA." *United States v. Clark*, 49 F.4th 889, 892 (5th Cir. 2022) (quoting *United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008)).

On remand from the Supreme Court, Kerstetter sought to supplement the record with the state court records for two cases that purportedly show a realistic probability that Texas "appl[ies] its statute[s] to conduct that falls outside the generic definition of the crime[s]." *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). We denied the motion because, as already discussed here, we have already held that convictions under Section 30.02(a) and Section 481.112(a) qualify as ACCA predicates. "[A]bsent an intervening change in the law, 'one panel of our court may not overturn another panel's decision.'" *Clark*, 49 F.4th at 892 (quoting *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016)).

Kerstetter argues recent Supreme Court decisions provide that intervening change in law because those cases undermine the use of the realistic-probability test in the ACCA context where, as here, the state statute sweeps more broadly than its federal counterpart. *See United States v. Taylor*, 596 U.S. 845 (2022); *see also Brown v. United States*, 602 U.S. 101 (2024).

In *Taylor*, the Court compared two federal statutes to determine "whether the elements of one federal law align with those prescribed in" the other. 596 U.S. at 859. The Court declined to use the realistic-probability test originating in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), but did not overrule that decision. *Id.* at 858–59. Instead, the Court distinguished

*Duenas-Alvarez*, first by saying that the federalism concerns involved when comparing state offenses with federal sentencing enhancements made it reasonable "to consult how a state court would interpret its own State's laws." *Id.* "Second, in *Duenas-Alvarez* the elements of the relevant state and federal offenses clearly overlapped and the only question the Court faced was whether state courts *also* 'applied the statute in a special (nongeneric) manner.'" *Id.* at 859 (alterations adopted) (quoting *Duenas-Alvarez*, 549 U.S. at 193). Conversely, in *Taylor* there was "no overlap to begin with." *Id.* Unlike *Taylor*, we do not need to compare two federal statutes; this case involves a state statute and a federal statute, where "federalism concern[s] are in play." *Id.* Moreover, even after *Taylor*, we have applied the realistic-probability test that stems from *Duenas-Alvarez*. *See Ponce v. Garland*, 70 F.4th 296 (5th Cir. 2023).

*Brown* likewise does not overrule our circuit precedent. There, the Court held "a prior state drug conviction constitutes an ACCA predicate if the drugs on the federal and state schedules matched when the state drug offense was committed." *Brown,* 602 U.S. at 119. The Court did not mention *Duenas-Alvarez* or the realistic-probability test, much less disavow either. "[A]n intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

     AFFIRMED.