# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60096
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2025

Lyle W. Cayce
Clerk

Sixto Gerardo Zuniga,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 424 004

———————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Sixto Gerardo Zuniga, a Mexican citizen and lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's concluding his Oklahoma conviction for possession of cocaine with intent to distribute, in violation of Okla. Stat. Ann. tit. 63, § 2-401(A)(1), constituted an

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

aggravated felony. Zuniga challenges the BIA's: applying the realistic-probability test; and concluding he failed to show a realistic probability that Oklahoma applies the statute of conviction to conduct not prohibited under the federal Controlled Substances Act (CSA). His contentions fail.

"The BIA's determination that a violation of a state criminal law relates to a controlled-substance violation under federal law is a pure question of law that is reviewed *de novo*." *Alejos-Perez v. Garland*, 93 F.4th 800, 804 (5th Cir. 2024).

Zuniga's contention that the realistic-probability test should not apply where, as here, the statute of conviction is facially overbroad, is foreclosed by our precedent. *See United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (en banc) (requiring realistic-probability showing even where statute is facially overbroad).

For his contention that he meets the realistic-probability test, Zuniga must "point to his own case or other cases in which the state courts in fact did apply the statute" in an overbroad manner. *Vetcher v. Barr*, 953 F.3d 361, 367 (5th Cir. 2020) (citation omitted). Along that line, he provided a probable-cause affidavit and form plea agreement from an unrelated Oklahoma arrest, contending they show how Oklahoma—unlike the CSA—proscribes the transporting of controlled substances. Neither document meets the requisite standard.

The probable-cause affidavit does not state whether defendant was charged with transporting or possessing controlled substances. Accordingly, Zuniga cannot establish the affidavit as a "case where [Oklahoma] has prosecuted or currently prosecutes individuals" under § 2-401(A)(1) for overbroad conduct. *Alexis v. Barr*, 960 F.3d 722, 727 (5th Cir. 2020).

Similarly, the guilty plea identifies only the possession offense listed in the Oklahoma statute, § 2-401(A)(1)—conduct matching the CSA. *See*

No. 25-60096

21 U.S.C. § 841(a)(1) (prohibiting, *inter alia*, "possess[ion] with intent to manufacture, distribute, or dispense, a controlled substance").

DENIED.